UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

IVAN LEE MATTHEWS, II,

Plaintiff,

v.

FILSON, *et al.*,

Defendants.

Case No. 3:18-cv-00559-MMD-WGC

SCREENING ORDER

Plaintiff, who is incarcerated in the custody of the Nevada Department of Corrections ("NDOC"), has submitted a civil rights complaint ("Complaint") pursuant to 42 U.S.C. § 1983 and has filed an application to proceed *in forma pauperis*. (ECF Nos. 1-1, 4.) The Court now addresses the application to proceed *in forma pauperis* and screens Plaintiff's Complaint pursuant to 28 U.S.C. § 1915A.

**I.     IN FORMA PAUPERIS APPLICATION**

Plaintiff's application to proceed *in forma pauperis* is granted. (ECF No. 4.) Based on the information regarding Plaintiff's financial status, the Court finds that Plaintiff is not able to pay an initial installment payment toward the full filing fee pursuant to 28 U.S.C. § 1915. Plaintiff will, however, be required to make monthly payments toward the full $350.00 filing fee when he has funds available.

**II.    SCREENING STANDARD**

Federal courts must conduct a preliminary screening in any case in which an incarcerated person seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1), (2). *Pro se* pleadings, however, must be liberally

construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

In addition to the screening requirements under § 1915A, pursuant to the Prison Litigation Reform Act ("PLRA"), a federal court must dismiss an incarcerated person's claim if "the allegation of poverty is untrue" or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint. When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the court takes as true all allegations of material fact stated in the complaint, and the court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atl. Corp. v. Twombly*, 550 U.S.

544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.*

Additionally, a reviewing court should "begin by identifying pleadings [allegations] that, because they are no more than mere conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations." *Id.* "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

Finally, all or part of a complaint filed by an incarcerated person may therefore be dismissed *sua sponte* if that person's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

### III. SCREENING OF COMPLAINT

In the Complaint, Plaintiff sues multiple defendants for events that took place while Plaintiff was incarcerated at Ely State Prison ("ESP"). (ECF No. 1-1 at 1.) Plaintiff sues Defendants Warden Filson, Warden Gittere, Warden William Reubart, and the NDOC. (*Id.* at 1–2.) Plaintiff alleges two counts and seeks monetary damages. (*Id.* at 5, 9.)

Plaintiff alleges the following. Plaintiff has written at least five to six grievances and has not received a response from the prison administration. (*Id.* at 3.) His grievances have ranged from monetary disputes, medical issues, lack of treatment, meals, housing, and more. (*Id.*) These things are important to him and have caused him financial setbacks, medical issues, and other hardships. (*Id.*) In response to the grievances, prison officials tell Plaintiff that he can only submit one grievance a week. (*Id.*) As a result, prison officials

3

1 have overlooked or ignored many of Plaintiff's grievances. (*Id.*) Many of Plaintiff's grievances are returned without any action whatsoever. (*Id.* at 12.) This has been ongoing since April 2018. (*Id.*) Plaintiff says that there is nothing in the NDOC or prison handbook about this under grievance procedures. (*Id.*) Plaintiff alleges violations of due process (Count I) and negligence (Count II). (*Id.* at 4–5.)

Prisoners have no stand-alone due process rights related to the administrative grievance process. *See Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988) (holding that a state's unpublished policy statements establishing a grievance procedure do not create a constitutionally protected liberty interest); *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (holding that there is no liberty interest in the processing of appeals because there is no liberty interest entitling inmates to a specific grievance process).

The Court finds that Plaintiff fails to state a colorable due process claim about how prison officials process or do not process his grievances because there is no liberty interest in the grievance procedure. As such, the Court dismisses this claim with prejudice as amendment would be futile.

The Court declines to exercise supplemental jurisdiction over Plaintiff's state law negligence claim because the Court has dismissed Plaintiff's federal claim. *See* 28 U.S.C. § 1367(c)(3) (stating that the "district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction").

**IV.     CONCLUSION**

For the foregoing reasons, it is ordered that Plaintiff's application to proceed *in forma pauperis* (ECF No. 4) without having to prepay the full filing fee is granted. Plaintiff will not be required to pay an initial installment fee. Nevertheless, the full filing fee shall still be due, pursuant to 28 U.S.C. § 1915, as amended by the PLRA. The movant herein is permitted to maintain this action to conclusion without the necessity of prepayment of fees or costs or the giving of security therefor. This order granting *in forma pauperis* status will not extend to the issuance and/or service of subpoenas at government expense.

| | |
|---|---|
| 1 | It is further ordered that, pursuant to 28 U.S.C. § 1915, as amended by the PLRA, the Nevada Department of Corrections must pay to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits to the account of *Ivan Lee Matthews, II, #1127748* (in months that the account exceeds $10.00) until the full $350 filing fee has been paid for this action. The Clerk will send a copy of this order to the attention of Chief of Inmate Services for the Nevada Department of Prisons, P.O. Box 7011, Carson City, NV 89702. |

It is further ordered that, pursuant to 28 U.S.C. § 1915, as amended by the PLRA, the Nevada Department of Corrections must pay to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits to the account of *Ivan Lee Matthews, II, #1127748* (in months that the account exceeds $10.00) until the full $350 filing fee has been paid for this action. The Clerk will send a copy of this order to the attention of Chief of Inmate Services for the Nevada Department of Prisons, P.O. Box 7011, Carson City, NV 89702.

It is further ordered that, even if this action is dismissed, or is otherwise unsuccessful, the full filing fee will still be due, pursuant to 28 U.S.C. §1915, as amended by the PLRA.

It is further ordered that the Clerk of the Court file the Complaint (ECF No. 1-1) and send Plaintiff a courtesy copy.

It is further ordered that Count I, alleging Fourteenth Amendment due process violations, is dismissed with prejudice as amendment would be futile.

It is further ordered that Count II, alleging state law negligence, is dismissed without prejudice because the Court declines to exercise supplemental jurisdiction over the claim under 28 U.S.C. § 1367(c)(3).

It is further ordered that the Clerk of the Court close the case and enter judgment accordingly.

It is further ordered that this Court certifies that any *in forma pauperis* appeal from this order would not be taken "in good faith" pursuant to 28 U.S.C. § 1915(a)(3).

DATED THIS 6th day of November 2019.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE